Co Q. MAC and Hoa T. Mac *v.* Richard A. WEISS,
in his official capacity as Director of the Arkansas Department
of Finance and Administration

04–461                                                        201 S.W.3d 890

Supreme Court of Arkansas
Opinion delivered January 27, 2005

*Jack, Lyon & Jones*, by: *Eugene G. Sayre*, for appellant.

*David B. Alexander* and *Ronna Layne Absure*, of Ark. Dep't of Fin. and Admin., for appellee.

TOM GLAZE, Justice. This is the companion case to *Baker Refrigeration Systems, Inc. v. Weiss*, No. 04-598, which is also handed down today. Although the facts of these two cases are somewhat different, the legal issues raised and argued in both cases are identical, and we affirm for the same reasons set out in *Baker Refrigeration*.

The appellants in the instant appeal are Co Mac and Hoa Mac, Vietnamese immigrants who own Chinese restaurants in Batesville, Jonesboro, and Trumann. All of their restaurants had received a Sales and Use Tax Permit from the Arkansas Department of Finance & Administration, and because the restaurants were making taxable sales of food, the Macs were responsible for collecting tax from their customers and remitting that tax to DF&A. In 1996 and 1997, DF&A audited the Macs' three restaurants for sales tax compliance for the time period that ran from February 1, 1991, through January 31, 1997; in addition, DF&A audited the Macs' individual income tax returns for tax years 1991 through 1995. DF&A determined that additional sales taxes and individual income taxes were due for each of the audited tax years, and issued assessments reflecting those determinations.

The Macs formally protested both the sales tax assessment and the individual income tax assessment. The two protests were consolidated, and an administrative law judge of DF&A's Board of Hearings and Appeals held a hearing on April 21, 1998, pursuant to Ark. Code Ann. § 26-18-405 (Repl. 1997). On July 20, 1998, the administrative law judge issued two separate decisions: one affirming the sales tax audits of the three restaurants, and one sustaining the individual income tax audits. On August 7, 1998, the Macs requested that the administrative law judge's determinations be

revised. On April 19, 1999, DF&A Deputy Director Timothy Leathers issued a letter ruling on the Macs' "requests for revision," upholding the sales tax assessment and reducing the individual income tax assessment. By letter dated May 27, 1999, DF&A issued final assessments to the Macs, informing them of the additional income taxes owed for tax years 1991, 1992, 1993, 1994, and 1995; on October 21, 1999, DF&A issued final assessments for the additional sales taxes owed for the three restaurants for the tax periods February 1, 1991, through January 31, 1997.

On January 10, 2001, the Macs fully paid the amount of the additional sales taxes assessed for the month of July 1994 for their three restaurants; in addition, they paid the additional individual income taxes assessed for tax year 1993. On June 28, 2002, the Macs filed a "Verified Claim for Refund and Claims for Abatement of Gross Receipts (Sales) Taxes" with regard to their three restaurants; on the same day, they also filed a "Verified Claim for Refund and Claims for Abatement of Arkansas Individual Income Taxes" for the years 1991 through 1995, with respect to the disputed assessments.

On May 19, 2003, the Macs filed a complaint in the Independence County Circuit Court, alleging that DF&A illegally and improperly assessed the additional sales tax and individual income tax assessments. The Macs further alleged that the actions of the auditors were arbitrary and capricious, and were in violation of the Macs' civil rights. DF&A filed a motion to dismiss the Macs' complaint on July 8, 2003, contending that the Macs had failed to file suit within the applicable statute of limitations. In addition, with respect to the Macs' "claims for refund," DF&A alleged that those were not "claims for refund of an overpayment of taxes lawfully due," and therefore, the court lacked subject matter jurisdiction over the claim due to sovereign immunity.

The circuit court held a hearing on DF&A's motion to dismiss on December 11, 2003. At the conclusion of the hearing, the trial court ruled that the Macs had failed to file suit within the applicable statute of limitations, and that their suit was therefore time-barred. In addition, the court found that the Macs' "claims for refund" were not claims for refund of an overpayment of taxes lawfully due, in accordance with the provisions of Ark. Code Ann. § 26-18-507, and as a result, the court lacked subject matter jurisdiction over the claims due to the doctrine of sovereign immunity. The court dismissed the Macs' complaint with prejudice.

On appeal, the Macs argue that the trial court erred in its interpretation of Act 1139 of 1997, codified at Ark. Code Ann. § 26-18-401 *et seq.* (Repl. 1997). Specifically, the Macs contend that Act 1139 created a third alternative claim-for-refund method by which taxpayers may contest a DF&A assessment of additional state taxes. The Macs assert that they utilized this third method, and the trial court erred in concluding that they improperly contested their tax assessment. In addition, the Macs argue that the trial.court erred in allowing DF&A to introduce the testimony of Assistant Revenue Commissioner John Theis on the subject of the General Assembly's intent in enacting Act 1139.

For the same reasons set out in *Baker,* we affirm the trial court's dismissal of the Macs' complaint on the basis of the statute of limitations. In short, in *Baker,* we hold today that the language of the challenged statutes plainly and unambiguously demonstrate that a taxpayer who wishes to challenge a final assessment of tax deficiency following an audit must comply with the procedures and time constraints set out in § 26-18-406; further, we hold that § 26-18-507 applies only in situations involving a taxpayer who has erroneously overpaid his or her taxes and seeks a refund thereof, not in a case where a taxpayer deliberately pays taxes that had been assessed pursuant to an audit in order to subsequently challenge those additional taxes. Section 26-18-406 provides a taxpayer with one year after an assessment to pay all or a portion of the assessed taxes in order to challenge the assessment, and one year following the payment to file suit in circuit court.

In this case, the final assessments were issued on May 27, 1999 (for individual income taxes owed), and on October 21, 1999 (for sales taxes owed). The Macs' payments would therefore have been due by May 27, 2000, and October 21, 2000. However, the Macs did not submit their payment until January 10, 2001, when they paid the amount of the additional sales taxes assessed for the month of July 1994 for their three restaurants and the individual income taxes assessed for tax year 1993. In addition, they did not file their complaint in circuit court until May 19, 2003, which was well over one year after the date they paid the portion of their taxes. Clearly, on the face of the complaint, it was apparent that the statute of limitations had expired, and the trial court was entirely correct in dismissing the Macs' complaint.

Affirmed.